## Gaunce *versus* Backhouse *et al.*

*Evidence in Action for Conspiracy.—Admissions of Co-defendant.*

1. In an action on the case for conspiracy, evidence of illegal and malicious acts by the defendants against the plaintiff, are insufficient without proof of a conspiracy between the parties, to do the acts complained of.

2. The admissions of one defendant, as to his own illegal and improper conduct, should not be received in evidence, after his death, in an action for conspiracy, which is tried against his surviving co-defendants only.

3. In an action for a conspiracy to enter a false, fraudulent, and unlawful judgment, and for issuing execution thereon, brought against the plaintiff in the judgment, the justice, and constable, by the defendant, it was held, that, as there was no evidence against the constable, and no proof that the judgment entered by the justice was false in amount, or that the entry of the action was unauthorized; the charge could not be sustained, and the court below were right in entering judgment of nonsuit against the plaintiff.

ERROR to the District Court of *Allegheny county.*

This was an action on the case, brought by Benjamin J. Gaunce against William J. Backhouse, John S. Peters, and William Curry, for conspiracy. The declaration contained two counts, charging the defendants with conspiracy, &c., unlawfully to defraud, impoverish, &c., by entering judgment on the docket of Peters, one of the defendants, in favour of Backhouse, another of the defendants, issuing execution thereon, and taking and carrying away by Curry (the other defendant) two horses, the property of the plaintiff, with averments of special damages, &c., to which the defendants pleaded *not guilty.* While the suit was pending, Peters, one of the defendants, died, and the cause was tried May 3d 1860, between Gaunce as plaintiff, and Backhouse and Curry as defendants.

On the trial, it appeared that Gaunce was a creditor of Thomas McLaughlin, deceased, of whose estate Backhouse was the administrator, and that there was some controversy between them in

[Gaunce v. Backhouse *et al.*]

regard to the claim; that the parties met, March 30th 1858, in the office of Mr. Peters, who was a justice of the peace, to settle, when Gaunce offered the depositions of certain witnesses in support of his claim, to which Backhouse objected, because he had had no opportunity to cross-examine them; and that, thereupon, Gaunce left, whereupon judgment was entered by Peters in favour of Backhouse for $142.45. The docket of Peters set forth the entry of an amicable action, the nature and amount of the plaintiff's claim, and that no objection to it was made by the defendant; but that he had offered depositions in support of his claim, which were objected to and rejected, and that, as no further evidence was offered, the judgment was entered as above stated.

It further appeared that the day on which Gaunce and Backhouse met before Justice Peters, Gaunce brought suit against Backhouse, before Justice McAyeal. On the trial of this case (which took place April 6th 1858), Backhouse presented a transcript of the judgment which he had against Gaunce, on the docket of Peters, as a bar to the proceeding before Justice McAyeal, to which Gaunce objected, and judgment was entered in favour of Gaunce for $99 and costs.

On the 21st of April, Backhouse sued out an execution, which was placed in the hands of Constable Curry, who, on the 3d of May, endorsed it, "returned for want of indemnity;" he also appealed to the Common Pleas, from the judgment of Justice McAyeal. Gaunce sued out a *certiorari*, and succeeded in reversing the judgment of Justice Peters; he also recovered a verdict of $100 against Backhouse, on the appeal. It was also proved on the trial, that Backhouse had said, on the day he was sued, that "Gaunce had got the start of him, and that he had intended to sue him, but had not time to do it;" that Peters had said, "the parties had met at his house, to try to settle, but could not; and that, afterwards, Backhouse insisted that he should enter judgment for his claim, and that he did so;" but as to Constable Curry, there was no evidence of any act or declaration, except that, under the execution, he had taken Gaunce's horses, and had returned them in a day or two, because the plaintiff would not indemnify him.

The plaintiff having closed his case, the defendant offered no evidence, but moved the court for judgment of *nonsuit*, whereupon the court (HAMPTON, P. J.) entered judgment of nonsuit, with leave to move the court in banc to set it aside. On the 4th of May 1860, plaintiff's attorney moved the court to set the nonsuit aside, but, on argument, the motion was denied, whereupon the plaintiff sued out this writ, and assigned for error: 1. The entry of the judgment of nonsuit; and 2. The refusal to set aside the nonsuit as above stated.

[Gaunce *v.* Backhouse *et al.*]

*Marshall & Brown*, for plaintiff in error.

*J. G. Miles & Thomas E. Franklin*, for defendants in error.

The opinion of the court was delivered, November 8th 1860, by LOWRIE, J.—We regret exceedingly that neighbours should vex each other by a suit for an injury so small as this, which is hardly worth a suit before a justice of the peace. The only injury done to plaintiff was taking his horse, and retaining it a day or two, on an execution issued against him on a void or voidable judgment.

The charge here is that the plaintiff in that judgment (Backhouse), and the justice and the constable, conspired to enter a false, fraudulent, and unlawful judgment, and did enter it and issue execution on it. There is no sort of evidence that the constable entered into such a conspiracy; and as there must be at least two persons to make a conspiracy, we may examine whether either of the others is free from it on the evidence. If he is, there is no conspiracy. Is there evidence of a conspiracy *against the justice?* There is no direct evidence, and therefore it must be inferred, if found at all, from united acts of Backhouse and the justice. A judgment was entered, but there is no evidence that it was false in amount,—Gaunce's set-off being withdrawn. The fraud must, therefore, lie in the entry of the amicable action, when no such entry was agreed to. Is this proved? Not at all. The justice never admitted anything like this; and, on this point, admissions of, or evidence against, Backhouse, go for nothing. The evidence rather is, that there was a controversy between Gaunce and Backhouse, to be settled before the justice, and that Gaunce had taken deposition for the occasion. Hamilton knew nothing about the submission, but was present at the attempted settlement, saw the depositions submitted to the justice, and stayed till the parties disagreed and separated. There is no evidence tending to prove that the justice made a fraudulent entry of the action, and, therefore, none to charge him with conspiracy. When Gaunce withdrew his depositions and went away, Backhouse insisted on a judgment for the amount of his claim, independent of the set-off, and this was granted,—the claim not having been objected to, as the docket entry says. No conspiracy by the justice can be inferred from this; for there is no evidence that the entry is untrue. That admission may have been made when the amicable action was agreed on. There is nothing contrary to this in Hamilton's testimony, but rather in favour of it; for the facts related by him show plainly that they were not the commencement of the business.

Judgment affirmed.